**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEWIS C. WALKER, | : | |
| | : | Civil Action No. 06-1837 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DET. KEITH ORTS OF THE | : | |
| MIDDLESEX BORO POLICE DEPT., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

    LEWIS C. WALKER, Plaintiff pro se
    #102409
    Middlesex County Adult Correction Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**PISANO**, District Judge

    Plaintiff Lewis C. Walker ("Walker"), a state inmate currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff submits an application to proceed in forma pauperis, and it appears from the affidavit of indigency and plaintiff's prison account statement that he is qualified to proceed as an indigent in this matter.  28 U.S.C. § 1915(a).

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons stated below, the Court finds that the Complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from Walker's Complaint, and are accepted as true for purposes of this review.

In his Complaint, Walker alleges that defendant Det. Keith Orts violated his constitutional rights when he failed to fingerprint and photograph Walker upon his arrest on the night of November 26, 2004. Walker claims fingerprinting and photographs are standard procedures and part of the "law of arrest". He also states that if he would have refused the procedure, he would have been charged with a disorderly persons offense. Finally, Walker alleges that Det. Orts did not obtain an "order for investigative detention" to justify holding plaintiff for more than 72 hours without being processed for arrest. Plaintiff claims that these actions violated his Fourth, Eighth, and Fourteenth Amendment rights. (Complaint, ¶ 8).

Walker seeks money damages in the amount of $40 per day for every day he has been incarcerated due to this alleged injustice. He asserts that his recent conviction was the result of improper police procedure because he was never properly identified. Walker further seeks declaratory relief, asking that this Court

advise the state court of conviction that plaintiff's constitutional rights were violated. (Compl., ¶ 9).

This Court notes that plaintiff has filed a similar action, <u>Walker v. Middlesex Boro Police</u>, Civil No. 05-4071 (WJM), which was dismissed by Order entered November 9, 2005. (Compl., ¶ 3). In that earlier action, Walker raised the identical claims asserting that the Middlesex Boro Police violated his constitutional rights because they failed to fingerprint and photograph him pursuant arrest procedure. The court construed the applicable claims as follows: (1) defendant violated Walker's Fourteenth Amendment right to due process when the police officers failed to take his fingerprints and photograph; (2) defendant violated Walker's Eighth Amendment right to be free from cruel and unusual punishment when officers failed to adhere to due process and incarcerated him against his will; and (3) defendant violated Walker's Fourth Amendment right when the police officers arrested him and subsequently failed to adhere to due process as referenced above. <u>See</u> the Letter Opinion of Honorable William J. Martini, U.S.D.J., dated November 9, 2005, in <u>Walker v. Middlesex Boro Police</u>, Civil No. 05-4071 (WJM)(Docket Entry No. 7)(hereinafter "November 9, 2005 Letter Opinion").

The district court dismissed the earlier action, finding that there is no constitutional right to be fingerprinted and

photographed after arrest.  The court also noted that state law did not provide a right to be fingerprinted and photographed immediately after arrest.  Rather, N.J.S.A. 53:1-15 provides only a process for the purpose of identification to the State Bureau of Identification.  Finally, the Court found that the officers did attempt to fingerprint and photograph Walker immediately after his arrest but Walker refused to allow them, at first claiming that his left hand was injured, and later claiming that it was too late for such process.  (November 9, 2005 Letter Opinion at pp. 3-4).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

4

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim

but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Walker states that he is bringing this action under 42 U.S.C. § 1983, seeking redress for alleged violations of his constitutional rights, namely the Fourth, Eighth, and Fourteenth Amendments.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

The Court finds that while defendant Det. Keith Orts is a state actor, thus satisfying the second prong of a § 1983 claim, plaintiff fails to allege any violation of his constitutional rights as required under the first prong.  There is simply no constitutional right to be fingerprinted or photographed immediately after arrest as alleged by Walker.

Fingerprinting is merely an administrative step incident to an arrest.  See Hood v. City of Chicago, 927 F.2d 312, 315 (7th Cir. 1991).  However, an extended detention based on an unnecessary delay in processing an arrestee may be actionable. Id.  Here, Walker cannot support a claim of unnecessary delay because the facts show that the delay in the fingerprinting and photographing process was occasioned by Walker himself.  He refused to be fingerprinted and photographed.[1]  Thus, Walker

---

[1] In his earlier action, discovery was provided which included a January 5, 2005 Supplemental Investigation Report. The report stated that on December 2, 2004, Det. Orts went to Middlesex County Adult Correctional Center where Walker was detained to take his fingerprints and photograph.  Walker complained that his hand still hurt so Orts agreed not to take his fingerprints at that time.  However, when Orts attempted to take Walker's photograph, Walker refused by stating, "Oh no, you should have taken my mug shot when the 'bullsh*t' incident occurred."  On January 5, 2005, another detective attempted to take Walker's fingerprints and photograph, but Walker again refused. (January 14, 2005 Supplemental Investigation Report).

7

cannot demonstrate any procedural due process violation implicating the Fourteenth Amendment.

Moreover, Walker does not allege any facts to support a Fourth Amendment violation. The failure to immediately process plaintiff's arrest (by taking fingerprints and photographs) does not translate into a claim of false arrest and imprisonment. Rather, to state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause). Here, there are no allegations that plaintiff's arrest was without probable cause. The Complaint admits that a grand jury indictment was obtained, thus establishing probable cause for Walker's arrest.[2] Consequently, Walker fails to allege a cognizable claim of false arrest and imprisonment under § 1983.

Next, as a pre-trial detainee at the time of the alleged failure to process plaintiff's arrest, Walker's claims are not

---

[2] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

encompassed by the Eighth Amendment's proscription against cruel and unusual punishment, since that applies to convicted prisoners.  Therefore, Walker does not state a claim under the Eighth Amendment, and the Complaint should be dismissed accordingly.

Finally, to the extent that Walker is seeking to invalidate his conviction based on improper police procedure after arrest that allegedly deprived him of a fair trial, (see Compl., ¶ 9), he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of denial of due process.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Furthermore, any claim for damages in this § 1983 action would not be actionable pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), until the judgment of conviction is invalidated.[3]

---

[3]  In Heck, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).

Accordingly, because Walker cannot demonstrate a cognizable claim that his constitutional rights were violated in any way, the Complaint will be dismissed for failure to state a claim.

## V. CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.


Date: July 24, 2006                          /s/ JOEL A. PISANO
                                             United States District Judge

Original: Clerk
cc:       Judge Arleo
          All Parties
          File